United States Court of Appeals
Fifth Circuit

**F I L E D**

August 2, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

---

No. 06-60496

---

MD ROGER BLAKE,

Plaintiff-Appellant,

versus

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER; Doctor DANIEL JONES, in his official capacity as Chancellor of the University of MS Medical Center; JAMES ROY KLUMB, in official capacity as member of the board of trustees of state institutions of higher learning; ED BLAKESLEE, in official capacity as member of the board of trustees of state institutions of higher learning; THOMAS W. COLBERT, in official capacity as member of the board of trustees of state institutions of higher learning; Doctor RICHARD A. CROFTS, in official capacity as member of the board of trustees of state institutions of higher learning; Doctor L. STACY DAVIDSON, JR., in official capacity as member of the board of trustees of state institutions of higher learning; Doctor D.E. MAGEE, JR., in official capacity as member of the board of trustees of state institutions of higher learning; Doctor BETTY HENDERSON NEELY, in official capacity as member of the board of trustees of state institutions of higher learning; VIRGINIA SHANTEAU NEWTON, in official capacity as member of the board of trustees of state institutions of higher learning; BOB OWENS, in official capacity as member of the board of trustees of state institutions of higher learning; AUBREY PATTERSON, in official capacity as member of the board of trustees of state institutions of higher learning; ROBIN ROBINSON, in official capacity as member of the board of trustees of state institutions of higher learning; SCOTT ROSS, in official capacity as member of the board of trustees of state institutions of higher learning; AMY WHITTEN, in official capacity as member of the board of trustees of state institutions of higher learning; PAUL TRUSSELL, Individually and as director of Human Resources of the University of MS Medical Center,

Defendants-Appellees.

**Appeal from the United States District Court
for the Southern District of Mississippi
(3:05-CV-187)**

Before KING, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

For his 42 U.S.C. § 1983 action, Roger Blake challenges an adverse summary judgment, primarily on his claims for deprivation of due process. **AFFIRMED.**

I.

Blake was employed by the University of Mississippi Medical Center (UMC) as a staff physician. In addition, pursuant to a one-year employment contract, which permitted termination for, *inter alia*, "contumacious conduct", he was a non-tenured assistant professor of surgery.

On 1 October 2004, having been notified of Blake's alleged inappropriate sexual conduct toward another UMC physician, UMC suspended Blake's physician privileges, placing him on paid administrative leave. Regarding the suspension, UMC notified Blake of his bylaws-provided right to request a hearing before its Executive Committee. Blake did not do so.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On 4 October, Blake met with UMC's human-resources director and discussed the alleged misconduct. Subsequently, both Blake and the accusing physician submitted to polygraph examinations.

Settlement discussions between Blake and UMC, which spanned several weeks and involved the possibility of Blake's resigning from his faculty position but having his physician privileges reinstated, were not successful. On 10 December, UMC terminated Blake for "unprofessional conduct ... involv[ing] a resident physician". In doing so, UMC notified Blake of his "right to file a grievance in regard[] to th[e] decision". Blake did not do so.

Instead, he filed this action, asserting: federal-law claims for deprivation of procedural and substantive due process; and state-law claims for, *inter alia*, breach of contract. After the district court dismissed some of Blake's claims, defendants moved for summary judgment on those that remained: claims through § 1983 against UMC's human-resources director; equitable claims through § 1983 against the other individual defendants; and state-law claims. On 28 March 2006, the district court denied Blake's motion to strike the polygraph-examination results, and awarded summary judgment against his remaining claims. *Blake v. Univ. of Miss. Med. Ctr.*, No. 3:05-CV-187-BS, 2006 WL 839556 (S.D. Miss. 28 Mar. 2006) (district court opinion).

3

II.

A.

Blake contests the denial of his motion to strike the polygraph-examination results, maintaining the evidence was unreliable, unsworn, and hearsay. Evidentiary rulings are reviewed for abuse of discretion. *E.g.*, *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 356 (5th Cir. 1995); *see also United States v. Pettigrew*, 77 F.3d 1500, 1514 (5th Cir. 1996) (exclusion of polygraph evidence reviewed for abuse of discretion). Of course, an erroneous ruling is reversible error only if it affected the complaining party's substantial rights. FED. R. EVID. 103(a); *see also*, *e.g.*, *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 199 (5th Cir. 2006). Based on our review of the record, and essentially for the reasons stated in the district court opinion, admitting the polygraph evidence was *not* an abuse of discretion.

B.

A summary judgment is reviewed *de novo*, applying the same standards as the district court. *E.g.*, *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005). Such judgment is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c); *see also*, *e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict

4

for the nonmoving party". ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). Based on our review of the record, and essentially for the reasons stated in the district court opinion, summary judgment was proper.

## III.

For the foregoing reasons, the judgment is

***AFFIRMED.***